MARY MASTERSON v. JOHN FINNIGAN.

In equity an agreement in writing to make partition will have the same effect as an actual partition.

Where a bill in equity sought to have a deed of partition set aside, on the ground that it was procured by the fraud of the defendant, and to have a new partition made not only of the land embraced in said deed, but also of other land owned in common by the plaintiff and defendant, and the plaintiff failed to establish the charge of fraud ; *held,* that the bill would not be absolutely dismissed, but that it should be retained to make partition of so much of the land as was not embraced in the deed, and that the plaintiff should pay the defendant's costs up to the rendering of the decree sending the case to the master for that purpose.

IN EQUITY. The defendant, being seized in fee of a lot of land sixty-six feet long by fifty feet broad, with a piece nineteen feet by ten feet adjoining one side thereof, conveyed to the plaintiff, at that time Mary Dugan, by deed, dated February 9th, 1846, one undivided half part of the said entire lot of land, describing the same by metes and bounds. On the 10th of March, 1846, the defendant and the plaintiff procured the following instrument to be written on the back of the said deed to the plaintiff, to wit :

" Know all people by these presents, That I, John Finnigan and I Mary Dugan, as named in the within deed, as owners equally to the within described lot of land, do this day mutually agree to divide the lot in manner following :—that the said John Finnigan is to have that part adjoining Blanding's land, giving Mary Dugan or her heirs or assigns the right of way to all the gangways, and

should the gangways be closed by Mr. Joseph Butler, this is to have a right of way through John Finnigan's land to her lot, the lots are each thirty-three feet by fifty feet, all which is mutually agreed to and signed and sealed this day."

This instrument was signed and sealed by the parties, and they each took possession of the land respectively as-signed *to them*, and continued to occupy the same at the bringing of this suit. But the partition provided in the above writing did not embrace the piece nineteen feet by ten feet. The bill charges that this instrument was de-fective and void, that the partition which it purports to make was an imperfect partition, and the plaintiff was in-duced to execute the writing, by which it was effected, by the false and fraudulent representations of the defen-dant that said writing provided for a full and perfect par-tition of the entire premises, a moiety of which was con-veyed to her by the defendant's deed, and prays that said writing may be set aside and a new partition granted.

The answer denied the charges of fraud and set up, that the piece of land nineteen feet by ten feet was in-cluded in the description of the premises, the one half of which was conveyed by the defendant to the plaintiff, by mistake, and that, in the partition made between them, it was intended and fully understood that the plaintiff was to have only one half the premises, which were designed to have been conveyed to her.

There was no evidence to prove directly the fraud charged in the bill or that the piece of land nineteen feet by ten feet was not intended to be included in the deed of the defendant to the plaintiff, as set up in the answer.

*Cozzens* and *Ashley* for the plaintiff contended, that the writing endorsed on plaintiff's deed was invalid as a deed of partition, for want of acknowledgemet, and be-cause the parties did not convey, each to the other, their

title and interest in the parts set off to them, and because no portion whatever was set off to the plaintiff. That as a partition it was manifestly imperfect and defective, and upon the face of it such as would not have been designedly made, and that it, therefore, made a proper case for equity to interpose and re-adjust the partition according to the rights and interests of the parties. *Bailey et. al.* v. *Sisson et. al.*, (1 R. I. Rep. 233.)

*Durfee* for the defendant contended, that the writing endorsed on the plaintiff's deed was valid as a deed of partition (II Greenl. Cruise p. 77 § 14. 4 Kent 367–8,) that if not valid as a deed, it was as an agreement for partition, and in equity an agreement in writing to make partition will have the same effect as an actual partition at law ; (I Greenl. Cruise p. 410 § 30,) and that in our State, where the statute of Charles II has not been adopted, a parol agreement, accompanied by livery of seizin or possession in conformity with it, was a valid partition. *Anders* v. *Anders*, (2 Dev. N. C. 532,) *Jackson* v. *Harder*, (4 Johns. 202,) *Folger* v. *Mitchell*, (3 Pick. 399.) He also claimed that the plaintiff having failed to make out the charges of fraud, the bill must be dismissed. *Mount Vernon Bank* v. *Stone, Supra* p. 129.

The Court, without deciding whether the writing endorsed on plaintiff's deed was valid as a deed of partition, were of the opinion that it was good as an agreement, and that in equity an agreement for a partition in writing would have the same effect as an actual partition ; that the fact, that the partition did not embrace the whole of the land in which the plaintiff was interested and was unfavorable for her, furnished no ground for the interposition of the Court, if the agreement was made without fraud on the part of the defendant ; that there was no proof in the case to sustain the charge of fraud against

the defendant, and that, therefore, if the rule laid down in the *Mount Vernon Bank* v. *Stone* were to be rigidly enforced the bill should be dismissed; yet, inasmuch as the plaintiff did have a claim for the partition of so much of the land in which she was interested under the deed from the defendant, as is not embraced in the agreement endorsed on said deed, instead of dismissing the bill, they would retain it to make partition of this land, and as preliminary thereto would send the case to a master to report a proper partition, but at the same time charge the plaintiff with all the costs of the defendant up to the rendering of the decree sending the case to the master.